# Kellerman's Estate.

*Will—Distribution—" Brothers and sisters "—" Share and share alike."*
Testator by his will provided for his wife, made a number of provisions for his collateral relatives, ordered a sale of residuary real and personal property, and directed "the money arising therefrom to be distributed amongst my brothers and sisters, share and share alike, according to the intestate laws." Testator left to survive him brothers and sisters and nephews and nieces, children of deceased brothers and of a deceased sister. *Held*, that the surviving brothers and sisters took to the exclusion of nephews and nieces, children of the deceased brothers and sisters.

Argued Oct. 30, 1901.    Appeal, No. 252, Oct. T., 1900,

by Ione Kellerman, William T. Kellerman, Catharine O'Connor and Martha Bayne, heirs of Samuel Kellerman, deceased, from decree of O. C. Blair Co., Jan. T., 1900, No. 96, overruling exceptions to auditor's report in estate of William Kellerman. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Exceptions to report of O. H. Hewitt, Esq., auditor.

From the record it appeared that William Kellerman, the decedent, died testate on June 10, 1892, possessed of considerable real estate and personal property, leaving to survive him a widow, Mrs. Luvina Kellerman, and two brothers, Joseph Kellerman and David Kellerman, and two sisters, Emily Kellerman and Mrs. Malvina Whren, the appellees, and Ione Kellerman, William T. Kellerman, Mrs. Catharine O'Connor and Mrs. Martha Bayne, children of Samuel Kellerman, deceased, a brother of the said William Kellerman, deceased, and nieces and nephews of decedent, and also were surviving the children of Susan Cassiday, sister of the decedent, and also the children of John Kellerman, a deceased brother.

Testator by his will made provisions for his wife, gave legacies to collateral relatives, and then directed as follows : " I order and direct that as soon after the death of my wife as practicable all my real estate and personal property be appraised by my executors or administrators, as the case may be, and what remains of both real and personal property not herein disposed of to be sold, and the money arising therefrom to be distributed amongst my brothers and sisters, share and share alike, according to the intestate laws, excepting, however, the devises and bequests hereinbefore mentioned and disposed of."

The auditor distributed the fund to the surviving brothers and sisters.

Exceptions to the auditor's report were overruled by the court.

*Error assigned* was in overruling exceptions to auditor's report.

*Harry B. McFadden*, with him *Joseph R. McQuaide*, for appellants.

*Thomas J. Baldridge*, for appellees.

OPINION BY WILLIAM W. PORTER, J., December 16, 1901:

William Kellerman left to survive him his widow, two brothers, two sisters, the children of a deceased sister, and the children of two deceased brothers. By his will he provides for his widow for life; makes a number of provisions for his collateral relatives; orders a sale of residuary real and personal property and directs, " the money arising therefrom to be distributed amongst my brothers and sisters share and share alike, according to the intestate laws." Under this clause, do brothers and sisters living at the time of the decedent's death, take " share and share alike," or, do children of the deceased brothers and sister also participate by reason of the use of the words, " according to the intestate laws? " The two phrases are plainly inconsistent. Both cannot stand. That must remain which accords best with the whole testamentary intent as expressed by the will. The report of the auditor (confirmed by the court below without opinion) reaches, we believe, the right conclusion, namely, that the surviving brothers and sisters take to the exclusion of nephews and nieces. This we hold for three reasons. First, the primary beneficiaries are benefited by this construction, which carries the estate to those who are nominated by their relationship, and not to those included by reference to a provision of law. Second, the will was made by the testator with knowledge of, and provision for, the nephews and nieces, severally. This class of distributees was, therefore, in his mind and could have been, but was not, included in the residuary clause, as a designated class. Third, the will was made with knowledge that the brother, under whom the appellants now claim, was dead. The ordinary use of the terms brothers and sisters, would not include a deceased brother. We do not feel compelled to go further in the discussion covered by the auditor's report.

The decree is affirmed.